# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ERIC JAMES WELLINGTON, <br><br> Defendant. | CR-15-59-GF-BMM <br><br><br> **ORDER** |

The United States Probation Office ("USPO") filed a petition to revoke Defendant Eric James Wellington's supervised release on January 29, 2019. (Doc. 29.) The petition alleges that Wellington violated his conditions of supervised release by: (1) committing another federal, state, or local crime, and (2) consuming alcohol. *Id*. at 2-3.

United States Magistrate Judge John Johnston conducted a revocation hearing on February 19, 2019, and on February 26, 2019. (Docs. 35, 37.) Wellington admitted that he violated his conditions of supervised release by consuming alcohol. *Id*. Wellington neither admitted or denied that he committed another crime. *Id*. The Government, however, proved that Wellington violated his conditions of supervised release by committing another crime. (Doc. 37.)

1

Judge Johnston entered Findings and Recommendations on this matter on February 27, 2019. (Doc. 38.) Judge Johnston recommended that the Court revoke Wellington's supervised release. *Id*. at 3. Judge Johnston recommended that the Court commit Wellington to the custody of the Bureau of Prisons for a period of 12 months, followed by 18 months of supervised release. *Id*. Judge Johnston further recommended that Wellington spend the first 2 months of his supervised release in an in-patient drug treatment program at Connections Corrections in Butte, Montana, or at a similar secure drug treatment facility. *Id*. Judge Johnston recommended that the supervised release conditions previously imposed be continued. *Id*.

Wellington timely filed objections to Judge Johnston's Findings and Recommendations on March 13, 2019. (Doc. 44.) Wellington objects to Judge Johnston's recommended sentence of 12 months. *Id*. at 1. Wellington requests that this Court sentence him to either 10 months of imprisonment followed by a period of supervised release, or to 12 months and 1 day followed by a period of supervised release. *Id*. at 1-2. Wellington bases his request on his father's recent passing. *Id*. at 2.

The Court reviews de novo Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). The Court reviews findings and

recommendations to which no party objects for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Government filed an Information on September 16, 2015, that charged Wellington with being a Felon in Possession of a Firearm in violation of 18. U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1.) The Court sentenced Wellington to 24 months imprisonment followed by 30 months of supervised release. (Docs. 15, 17.) Wellington's current term of supervision began on August 18, 2017. (Doc. 29 at 1.)

USPO filed a Report of Offender Under Supervision on October 10, 2017. (Doc. 19.) The Court agreed with USPO's recommendation that Wellington "be allowed to remain in the community and follow through with his proposed treatment plan." *Id*. at 2. USPO subsequently filed a petition to revoke Wellington's supervised release on January 3, 2018. (Doc. 21.) Wellington admitted to the violations of the conditions of his supervised release at his preliminary revocation hearing conducted on January 23, 2018. (Doc. 24.) The Government ultimately dismissed the petition at Wellington's final revocation hearing conducted on April 30, 2018. (Doc. 28.)

The instant petition to revoke was filed on January 29, 2019. (Doc. 29.) Wellington admitted to violating his conditions of supervised release by consuming alcohol. (Docs. 35, 37.) The Government proved that Wellington violated his condition of supervision by committing the offense of Burglary, in

3

violation of Montana Code Annotated § 45-6-204 and the offense of Unauthorized use of a Motor Vehicle in violation of Montana Code Annotated § 45-6-308, as alleged in the petition. (Docs. 29 at 2, 37, 38 at 2.) The Court reviews Judge Johnston's recommendation to revoke Wellington's supervised release. *See McDonnell Douglas Corp.*, 656 F.2d at 1313. The Court finds no error. Wellington's violations of his conditions prove serious and warrant revocation of his supervised release.

As Judge Johnston noted in his Findings and Recommendations, Wellington could be incarcerated for up to 24 months and be placed on supervised release for a period of up to 30 months, less any custody time imposed. (Doc. 38 at 3.) Wellington's applicable guidelines equals 18 to 24 months. *Id*. Judge Johnston recommended a sentence of 12 months followed by 18 months of supervised release. *Id*. Wellington objects to Judge Johnston's recommended sentence. (Doc. 44 at 1-2.) The Court will review de novo Judge Johnston's recommended sentence. *See* 28 U.S.C. § 636(b)(1).

"The court shall impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court equally must consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect

for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

A below the guideline sentence of 12 month supports the § 3553(a) factors. The instant petition to revoke Wellington's supervised release is the second petition filed in his case since he began his term of supervision on August 18, 2017. *See* (Docs. 21, 29.) USPO also filed a Report of Offender Under Supervision in Wellington's case. (Doc. 19.) Wellington ultimately was never sentenced for the violations reflected in his January 3, 2018, petition or his October 17, 2017, report. *See* (Docs. 19, 28.) The Court's leniency with Wellington has failed to help deter Wellington from violating his conditions of supervision. Furthermore, the violations alleged in Wellington's January 29, 2019, petition prove serious. Wellington committed two other crimes in addition to consuming alcohol—a violation that was alleged in his October 17, 2017, report and related to a violation alleged in his January 3, 2018, petition. See (Docs. 19, 23, 29.) A sentence of 12 months of imprisonment followed by 18 months of supervised release proves sufficient, but not greater than necessary.

Wellington did not object to Judge Johnston's recommendation that Wellington spend the first 2 months of his supervised release in an in-patient drug treatment program at Connections Corrections in Butte, Montana, or at a similar secure drug treatment facility. *Id*. Nor did Wellington object to Judge Johnston's recommendation that Wellington's supervised release conditions previously imposed be continued. The Court finds no error in Judge Johnston's recommendations related to Wellington's supervision.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 38) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendant Eric James Wellington is sentenced to 12 months in custody followed by 18 months of supervised release. Wellington's first 2 months of his supervision shall be spent inpatient substance abuse treatment program at Connections Corrections in Butte, Montana, or at a similar secure drug treatment facility. Wellington's conditions of supervised release previously imposed shall remain imposed.

DATED this 25th day of March, 2019.

_____
Brian Morris
United States District Court Judge